## SUPREME COURT.

ANTHONY P. OSTROM agt. JOHN McCANN and others.

The omission of a purchaser of mortgaged premises to *record his deed* (although previously executed and delivered) until after the time of filing the *notice of the pendency of the suit* for foreclosure, will preclude him from all rights under it, as against a *purchaser under the judgment* in the foreclosure suit.

*Kings Special Term, March,* 1860.

MOTION to vacate order of 27th of December last, directing the plaintiff to complete his purchase under a mortgage foreclosure sale.

BUCKHAM, CADY & SMALES, *for plaintiff.*
GEORGE G. REYNOLDS, *for defendants.*

LOTT, Justice. It is very doubtful whether the deed alleged to have been executed to Horton by Bartlett (if, in fact, delivered) was so delivered before 'the notice of the pendency of action was filed. The precise time of the delivery thereof is not stated. The only allegation in relation to it is, that it was so delivered on or about the *seventh* of July, 1859. That, if intended to designate the time with any degree of certainty, appears to be inconsistent with the allegation of Mr. Cady, who says that the conveyance to Bartlett (Horton's alleged grantor) was made on or before the *eleventh* of July, 1859—a day subsequent to the conveyance alleged to be made to Horton. The fact of an outstanding title, therefore, at the time this suit was commenced, does not appear with sufficient certainty to justify the conclusion that such a right exists. Assuming, however, the fact to be as claimed, it does not present a valid objection to the completion of the plaintiff's purchase. It is not shown that the deed is yet recorded. It must be assumed that it is not. The rights of the parties are, therefore, to be controlled by the effect of filing the notice of the

pendency of action. It is provided by § 132 of the Code, as amended, that it shall be effectual only as a constructive notice to a purchaser or incumbrancer from the time of such filing. It then declares that "every person whose conveyance or incumbrance is subsequently executed, *or subsequently recorded,* shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice *to the same extent as if he were a party to the action."*

Horton, therefore, is not only to be treated by reason of his omission to record his deed, as a subsequent purchaser, charged in the same way, and subject to the same consequences resulting from the suit, as a subsequent purchaser in fact; but he is, for all the purposes of the foreclosure proceedings, to be bound to the *same extent* as if he were *in fact* a party to the action. The effect of the suit would clearly be to cut off the rights of a purchaser subsequent to the mortgage, who was made a party, and deprive him of all claims to the property; and as Horton, under the circumstances disclosed, is, by virtue of the provision of the Code, above referred to, bound "to the same extent," it follows, as a necessary result, that he cannot interpose any valid claim to the premises. That provision was, undoubtedly, intended to remedy the evils growing out of a practice, prevailing to a great extent, in keeping deeds off the record until a sale was had in foreclosure suits, for the purpose of defeating the objects of the suit, and the sale under it, by reason whereof further time was secured to the owner of the property for the payment of the mortgage debt. It is necessary, in order to carry out that object, that the omission to record a conveyance till after the time of filing the notice of the pendency of such suit, shall preclude a party from all rights under it as against a purchaser under a judgment in such suit.

It was also suggested on the argument that the tenants were not made parties to this action. That objection is

unavailable. The fair inference from the statement is, that they now occupy under Horton, and that they have entered into such possession *pendente lite*, and are, therefore, chargeable with the effect of the judgment. But if it were otherwise the objection does not affect the *title*. It relates to the question of *possession only*, and as the omission to make them parties is chargeable to himself, he is not at liberty to take advantage of it now, and insist upon it as a ground for his refusal to consummate the sale.

Under all the circumstances, I see no reason to vacate the order previously made, directing a completion of the purchase.